899 P.2d 939

**STATE of Arizona, Petitioner,**

v.

**Kenneth James LAMBERTON,
Respondent.**

**No. CR–95–0059–PR.**

Supreme Court of Arizona,
En Banc.

July 13, 1995.

**48**

Gilberto V. Figueroa, Pinal County Atty. by William E. Perry, III, Deputy Pinal County Atty., Florence, for petitioner.

Sherick Law Offices by Steven P. Sherick, Brian I. Rademacher, Tucson, for respondent.

Maureen E. Gregan, Mesa, for victim.

## OPINION

CORCORAN, Justice.

The only issue we decide in this opinion is whether the court of appeals erred in dismissing the Victim's separate petition for review. We find that it did not. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3), and rule 31.19, Arizona Rules of Criminal Procedure.

## PROCEDURAL BACKGROUND

Respondent Kenneth James Lamberton (defendant) filed a petition for post-conviction relief, pursuant to rule 32.1, Arizona Rules of Criminal Procedure. Defendant, who was serving a 12–year sentence pursuant to a plea agreement for one count of molestation of a child, aged 14, in violation of A.R.S. §§ 13–1410, 13–604.01, and 13–801, argued that his sentence was cruel and unusual punishment based on *State v. Bartlett (Bartlett II)*, 171 Ariz. 302, 310, 830 P.2d 823, 831 (1992) (holding that defendant's 40–year sentence without possibility of early release for two counts of sexual conduct with a minor violated the Eighth Amendment). In the trial court, the Victim filed a written statement and her own analysis of *Bartlett II*. On August 11 and 12, 1994, the trial court held an evidentiary hearing where it heard testimony from the Victim and others. The trial court granted defendant's petition for post-conviction relief on October 7, 1994, and set a date for resentencing.

In November 1994, the State and the Victim filed separate petitions for review in the court of appeals challenging the trial court's granting of defendant's petition for post-conviction relief. The State and the Victim also filed separate requests in the trial court for stay of the resentencing proceedings, which the trial court denied. The State and the Victim then filed separate requests in the court of appeals for immediate stay of the resentencing proceedings. On November 30, 1994, the court of appeals dismissed the Victim's petition for review and denied both requests for stay of the resentencing proceedings. The court of appeals stated that "the scope of the remedy afforded by [rule 32.9, Arizona Rules of Criminal Procedure] only extends to *aggrieved parties;* therefore, the Victim's Petition for Review is without the jurisdiction of this court." (Emphasis added.)

On December 5, the State and the Victim filed in this court separate petitions for special action and applications for interlocutory stay of the resentencing proceedings. We denied the requests for stay, but stated that the denial was not "based on any lack of standing insofar as the victim is concerned," dismissed the State's petition for special action as moot, and dismissed the Victim's petition for special action. We directed the Victim to proceed in this court by petition for review if she wished to seek appellate review of the court of appeals' dismissal of her petition for review on standing grounds, which she did.

The trial court resentenced defendant to probation on December 8, 1994.

## DISCUSSION

The Victim alleges that the court of appeals' decision to dismiss her petition for review because she is not an "aggrieved party" is contrary to the Victims' Bill of Rights (VBR) in the Arizona Constitution, which provides that victims of crime have the right

4. To be heard at any proceeding involving a post-arrest release decision, a negotiated plea, and sentencing.

. . . .

9. To be heard at any proceeding when any post-conviction release from confinement is being considered.

Ariz. Const. art. 2, § 2.1(A). She argues that the decision is also contrary to certain provisions of the Victims' Rights Implementation Act (VRIA), A.R.S. §§ 13–4401 to –4438, which the legislature enacted to "define, implement, preserve and protect the rights guaranteed to crime victims by [Ariz. Const. art. 2, § 2.1]." Historical and Statutory Notes to A.R.S., tit. 13, ch. 40 (Supp.1994). Specifically, the Victim cites § 13–4418, which states that the Act "shall be liberally construed to preserve and protect the rights to which victims are entitled"; § 13–4426, which states that the Victim has the right to be heard at any sentencing proceeding; § 13–4428, which states in what form a victim may make her statement; and § 13–4437, which states that "[t]he victim has standing to seek an order or to bring a special action mandating that the victim be afforded any right or to challenge an order denying any right guaranteed to victims under the victims' bill of rights, . . . any implementing legislation or court rules."

■ The Victim claims that the VBR gives her standing as a "party aggrieved," and therefore she may file a petition for review pursuant to rule 32.9(c), which states that "after the final decision of the trial court on the petition for post-conviction relief . . . , *any party aggrieved* may petition the appropriate appellate court for review of the actions of the trial court." (Emphasis added.) While it is true that a major purpose of the VBR is to give victims the right to be heard at "criminal proceedings," we cannot conclude that victims are "parties" with the right to file their own petitions for review.

■ As defined by the VRIA § 13–4401(7) and rule 39(a)(2), "criminal proceedings" only include matters before the trial court. The Victim was heard at the evidentiary hearing held on August 11 and 12, 1994, on defendant's petition for post-conviction relief; she testified and filed a written statement and

legal memorandum. She presented a letter to the probation department that was attached to the presentence memorandum, and her attorney presented arguments to the trial court at the resentencing held on December 8, 1994.

■ Furthermore, under the rules for post-conviction relief proceedings, parties on a petition for review in the appellate court are designated the same as the parties in the trial court. *See* Rule 32.9(c)(1). In civil cases, a "party" is someone who is directly interested in the subject matter of the suit, has a right to control the proceedings, to plead defenses, and to examine or cross-examine witnesses. *See Helge v. Druke,* 136 Ariz. 434, 437, 666 P.2d 534, 537 (App.1983); *Chalpin v. Mobile Gardens, Inc.,* 18 Ariz. App. 231, 234, 501 P.2d 407, 410 (1972); *see also Republic Ins. Co. v. Feidler,* 178 Ariz. 528, 533, 875 P.2d 187, 192 (App.1993) (holding that victim was not party to criminal proceeding and had no opportunity to litigate issues). Here, neither the VBR nor the VRIA gives victims a right to control the proceedings, to plead defenses, or to examine or cross-examine witnesses; the VBR and the VRIA give victims the right to participate and be notified of certain criminal proceedings. This is not the same as making victims "parties." Moreover, the Victim here is not "aggrieved" within the legal meaning of the term because the judgment of the trial court does not operate to deny her some personal or property right, nor does it impose a substantial burden upon her. *See Matter of Gubser,* 126 Ariz. 303, 306, 614 P.2d 845, 848 (1980) (noting that "[a]n appeal may be taken by any party aggrieved by the judgment," under rule 1, Arizona Rules of Civil Appellate Procedure).

■ The California Supreme Court has held that a victim is not a party to criminal proceedings because "neither a crime victim nor any other citizen has a legally enforceable interest, public or private, in the commencement, conduct, or outcome of criminal proceedings against another." *Dix v. Superior Court,* 53 Cal.3d 442, 279 Cal.Rptr. 834, 807 P.2d 1063, 1066 (1991). The parties to a criminal action are the defendant and the

state. *Id.* "No private citizen, however personally aggrieved, may institute criminal proceedings independently, and the prosecutor's own discretion is not subject to judicial control at the behest of persons other than the accused." *Id.* (citations omitted). The Victim concedes that she would not have the right to file a petition for review in the court of appeals if the State had not done so also. However, the simple fact that the State has commenced a proceeding does not entitle the Victim to commence another proceeding by filing her own petition for review. The VBR does not give the Victim the right to initiate criminal proceedings against a person, nor does it make the Victim a "party" to all proceedings involving that defendant.

Under § 13–4437, the Victim has standing only to "seek an order or to bring a special action" to assert the enumerated rights guaranteed by the VBR. If the trial court had refused to hear from the Victim at the post-conviction relief proceeding, for example, then the Victim could have filed a special action with the court of appeals to assert her right under article 2, § 2.1(A), to be heard. Section 13–4437, however, does not give the Victim standing to argue before an appellate court that the trial court's ruling in a criminal proceeding was error or to bring the types of action against the defendant that the State can bring.

■ The Victim's reliance on article 2, § 2.1(A)(9) of the Arizona Constitution and A.R.S. § 13–4414 is also misplaced because those provisions deal with post-conviction *release*, which involves parole, work furlough, community supervision, temporary release, or other such discharges from confinement. *See* A.R.S. § 13–4401(14). Here, the proceeding to which the Victim objects deals with sentencing and the post-conviction *relief* proceeding. Applying the plain language of the state constitution, article 2, § 2.1(A)(9) does not apply to this situation. *See Knapp v. Martone*, 170 Ariz. 237, 239, 823 P.2d 685, 687 (1992) (emphasizing "that Arizona courts must follow and apply the plain language of this new amendment to our constitution").

■ The Victim nevertheless asserts that the constitutional right to be "heard" includes the right to file her own separate petition for review and that statutes and court rules cannot limit that right. We agree that the implementing statutes and rules cannot eliminate or narrow rights guaranteed by the state constitution. *See Knapp*, 170 Ariz. at 240 n. 5, 823 P.2d at 688 n. 5 (Feldman, V.C.J., dissenting) (noting that the legislature, through the VRIA, does not have "the authority to redefine the *scope* of [the Victims' bill of] rights"). However, the VBR guarantees only the right to be heard; it does not clearly define what that right is. The implementing statutes and rules, which are more explicit, do not guarantee the Victim the right to file her own petition for review. The VRIA only specifies that the Victim has the right to be *notified* of post-conviction review and appellate proceedings. A.R.S. § 13–4411.

■ The Victim argues that the only way to be heard at appellate proceedings is to file a petition for review; therefore, she must be allowed to file her own petition for review to assert her right "[t]o be heard at *any* proceeding involving … sentencing." Ariz. Const. art. 2, § 2.1(A)(4) (emphasis added). The Victim may have a right to be heard, in some fashion, at the appellate level. We do not, however, address whether the Victim could be heard in some manner other than in a separate petition for review. We note that the Victim has appeared at the trial court level on defendant's petition for post-conviction relief and at the resentencing; thus, through the court of appeals' review of the record from the trial court, the Victim will be heard.

■ We also emphasize that the VBR obligates the prosecutor to communicate with the Victim during several stages of the proceedings involving defendant. *See* rule 39(b)(7), (10), (11), & (12), Arizona Rules of Criminal Procedure. The prosecutor, on behalf of the State, is an "aggrieved party" in this proceeding and is the proper party to file a petition for review. The prosecution

can adequately represent the views of the Victim in its petition for review if it so chooses.

For the above reasons, we affirm the court of appeals' dismissal of the Victim's petition for review. We direct that the court of appeals proceed with consideration of the State's petition for review now before that court.

FELDMAN, C.J., MOELLER, V.C.J., and ZLAKET and MARTONE, JJ., concur.