269 P.3d 690

**STATE of Arizona ex rel. William G. MONTGOMERY, Maricopa County Attorney, Petitioner,**

v.

**The Honorable Sally DUNCAN, Judge of the Superior Court of The State of Arizona, in and for the County of Maricopa, Respondent Judge,**

**Terrence Lee Fries, Real Party in Interest.**

**No. 1 CA–SA 11–0195.**

Court of Appeals of Arizona, Division 1, Department E.

Dec. 27, 2011.

As Amended Dec. 29, 2011.

William G. Montgomery, Maricopa County Attorney By Andrea L. Kever, Deputy County Attorney, Phoenix, Attorneys for Petitioner/Appellant.

Michael V. Black, Attorney at Law By Michael V. Black, Phoenix, Attorney for Real Party in Interest.

## OPINION

BARKER, Judge.

¶ 1 This is a special action in which the State sought relief from the trial court's pretrial order permitting testimony at trial regarding Victim's prior sexual conduct. Because this issue was not reviewable on appeal if there was an acquittal, we accepted jurisdiction. *See State ex rel. Romley v. Dairman*, 208 Ariz. 484, 486, ¶ 2, 95 P.3d 548, 550 (App.2004) ("Pre-trial rights of victims ... will be lost if special action jurisdiction is not

available."). We subsequently issued our decision order granting relief. The State requested that the decision order be published to provide guidance and clarification of certain sex crime victim's rights. We grant the request and, after setting forth a brief introductory paragraph giving a factual background, set forth the decision order herein as an opinion of this court. Accordingly, the decision order filed August 25, 2011 is hereby vacated and this opinion filed this date substituted in its stead.

### *Discussion*

¶ 2 Defendant was charged with four counts of sexual conduct with a minor. The State alleged that Defendant engaged in four acts of oral sexual intercourse with the Victim over approximately a two-week period. The State asserted that the Victim was fifteen years old at the time of the alleged events and that Defendant was thirty-eight. The trial court denied the State's pretrial motion to preclude statements allegedly made by the Victim to Defendant about the Victim's prior sexual conduct.

¶ 3 We go directly to the issue before us. The evidence which the trial court deemed admissible was the Victim's alleged statement to Defendant that the Victim had engaged in oral sex with two other individuals. Defendant asserts that this testimony is admissible because it goes to his belief that the Victim was eighteen or older. The trial court found that this evidence was not prohibited by Arizona's rape shield law, Arizona Revised Statutes ("A.R.S.") section 13–1421 (2010). The trial court stated:

> [This is] why I'm allowing its admission. I view this evidence differently than what the rape shield law was designed to protect against. The rape shield law was not designed to protect against a defendant from being able to raise a theory of defense that goes to an element of the offense, which this does. It also goes to confrontation. So there's actually two reasons that this is both relevant and I think would be reversible error to preclude.
>
> I do think a limiting instruction is appropriate. But, again, the Court finds it to be relevant to the theory of defense, specifi-

cally to refute the state of mind element of the offense, and with respect to confronting and cross-examining the victim when the victim testifies.

In several key respects, we disagree with the trial court's analysis.

¶ 4 First, the plain language of the statute prohibits this evidence. The statute provides:

13-1421. Evidence relating to victim's chastity; pretrial hearing

A. Evidence relating to a victim's reputation for chastity and opinion evidence relating to a victim's chastity are not admissible in any prosecution for any offense in this chapter. *Evidence of specific instances of the victim's prior sexual conduct may be admitted only if a judge finds the evidence is relevant and is material to a fact in issue in the case and that the inflammatory or prejudicial nature of the evidence does not outweigh the probative value of the evidence, and if the evidence is one of the following:*

1. Evidence of the victim's past sexual conduct with the defendant.

2. Evidence of specific instances of sexual activity showing the source or origin of semen, pregnancy, disease or trauma.

3. Evidence that supports a claim that the victim has a motive in accusing the defendant of the crime.

4. Evidence offered for the purpose of impeachment when the prosecutor puts the victim's prior sexual conduct in issue.

5. Evidence of false allegations of sexual misconduct made by the victim against others.

A.R.S. § 13-1421(A) (emphasis added). It is conceded that the offered evidence does not fall into any of the five exceptions. Thus, the evidence is prohibited by the plain language of the statute. As to the trial court's statement that "the rape shield law was not designed to protect against the defendant from being able to raise a theory of defense that goes to an element of the offense," we respectfully disagree as no evidence would be relevant in the first place if it did not go to an element of an offense or an affirmative defense. The statute clearly applies. That

does not, however, resolve the issue of admissibility.

█ ¶ 5 The next question is whether, as Defendant asserted below, the statute is constitutional as applied to the evidence Defendant seeks to admit. We have previously found § 13-1421(A) to be constitutional on its face and as applied to the facts of the case then before us. *State v. Gilfillan,* 196 Ariz. 396, 401–03, ¶¶ 17–23, 998 P.2d 1069, 1074–76 (App.2000). In making that determination, we did not (and could not) preclude circumstances that may arise in the future in which the statute may be unconstitutional as applied. *Id.* Indeed, we referenced cases where evidence may be admissible notwithstanding the statutory bar if that evidence "has substantial probative value and when alternative evidence tending to prove the issue is not reasonably available." *Id.* at 403, ¶ 22, 998 P.2d at 1076.

¶ 6 In this case, the trial court did not engage in any balancing to determine whether there was a due process or other constitutional violation that would occur if the statute was given effect and the testimony was precluded. *See Romley v. Schneider,* 202 Ariz. 362, 365, ¶ 14, 45 P.3d 685, 688 (App.2002) ("[T]his is not a situation where rights granted to [the] victim under the Victim's Bill of Rights conflict with the defendant's federal constitutional rights."); *State ex rel. Romley v. Hutt,* 195 Ariz. 256, 259, ¶ 7, 987 P.2d 218, 221 (App.1999) ("[I]n *some cases* some victims' rights may be required to give way to a defendant's federal constitutional rights.") (emphasis added). Rather, the trial court found the evidence to be "relevant ... to refute the state of mind element [as to age] ... and with respect to confronting and cross-examining the victim when the victim testifies." The trial court concluded that this finding of relevancy trumped "the victim's rights."

█ ¶ 7 A finding of relevancy alone does not act to trump victim's rights. As we stated in *Gilfillan,* "a defendant's right to present *relevant* testimony is not limitless." 196 Ariz. at 402, ¶ 20, 998 P.2d at 1075 (emphasis added); *see Rock v. Arkansas,* 483 U.S. 44, 56, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987) (same). Relevant testimony may be precluded, and in the circumstances here the pertinent statute may so require. Thus, the

trial court must determine whether there is "such substantial probative value" that Defendant's constitutional rights would be impermissibly offended by the failure to permit evidence of the Victim's having oral sex in order to prove Defendant's belief that the Victim was eighteen or older. We direct the trial court to make that determination.

¶ 8 Further, the trial court expressly noted that the confrontation rights of Defendant would be offended if this evidence was not admitted. Because we are directing the court to further consider this issue, we comment specifically on that right and its application to the evidence that Defendant seeks to present. The purpose of cross-examination is to aid in the truth-finding process. *Chambers v. Mississippi,* 410 U.S. 284, 295, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973) ("The right of cross-examination is more than a desirable rule of trial procedure. It is implicit in the constitutional right of confrontation, and helps assure the 'accuracy of the truth-determining process.' "). It is not apparent to us how cross-examining the *Victim* on this evidence will aid in the truth-seeking process as to what *Defendant's* belief was as to the Victim's age. Thus, the only affirmative inquiry that needs to be made is whether Defendant, in *his* testimony, should be permitted to testify on direct about how the Victim's alleged statements that the Victim had previously engaged in oral sex led Defendant to conclude that the Victim was at least eighteen.[1] The test briefly described above would then apply as to whether the statute is unconstitutional as applied if this evidence is precluded.

### Conclusion

¶ 9 For the reasons stated, relief is granted as set forth above.

CONCURRING: JON W. THOMPSON, Presiding Judge and ANN A. SCOTT TIMMER, Judge.

---

1. Of course, if the State asserts that the victim would not have been able to describe oral sex, but for the alleged conduct of defendant, then the victim's alleged statements would be permissible to rebut that contention.