343 P.3d 435

LINDSAY R. and Samantha R., a minor, Crime Victims; and State of Arizona ex rel. William G. Montgomery, Maricopa County Attorney, Petitioners,

v.

The Honorable Bruce R. COHEN, Judge of the Superior Court of the State of Arizona, in and for the County of Maricopa, Respondent Judge,

Jeffrey David Meyn, Real Party in Interest.

No. 1 CA–SA 14–0186.

Court of Appeals of Arizona, Division 1.

Jan. 13, 2015.

Richard D. Coffinger, Attorney at Law, By Richard D. Coffinger, Glendale, Counsel for Petitioners Lindsay R. and Samantha R.

Maricopa County Attorney's Office, By Diane Meloche, Phoenix, Counsel for Petitioner State of Arizona.

The Law Office of Stacy L. Hyder, P.L.C., By Stacy L. Hyder, Phoenix, Co-counsel for Real Party in Interest.

Storrs & Storrs, P.C., By Robert L. Storrs, Phoenix, Co-counsel for Real Party in Interest.

Presiding Judge PETER B. SWANN delivered the opinion of the Court, in which Judge KENTON D. JONES and Judge MICHAEL J. BROWN joined.

## OPINION

SWANN, Judge.

¶ 1 The petitioners in this special action contend that under the Victims' Bill of Rights ("VBR"), Ariz. Const. art. 2, § 2.1, victims' counsel was authorized to substitute for the prosecutor in criminal restitution proceedings. Because no provision of the VBR authorizes privatization of the restitution pro-

cess, we hold that such substitution is not allowed.

## FACTS AND PROCEDURAL HISTORY

¶ 2 In December 2012, Jeffrey David Meyn was indicted for the manslaughter of James R. Soon thereafter, private counsel entered a notice of appearance on behalf of James R.'s surviving spouse, Lindsay R., and minor child, Samantha R., under the VBR's implementing legislation, the Victims' Rights Implementation Act ("VRIA"), A.R.S. §§ 13–4401 to –4441.[1]

¶ 3 In early 2014, Meyn pled guilty to negligent homicide. He was sentenced to a term of imprisonment and the court set a restitution hearing. In connection with restitution, victims' counsel filed a memorandum of law and a notice of intent to introduce records. Upon learning from the prosecutor that victims' counsel intended to conduct the restitution hearing, Meyn's counsel moved the court to strike the victims' filings and make a determination of counsel on the record. The victims opposed the motion. After considering the briefing and oral argument, the court ordered:

[Victims' counsel] shall not be entitled to offer evidence, examine witnesses or present arguments as to the substantive restitution claims being brought herein. His role may include providing out-of-court assistance to the assigned prosecutor and presence at all proceedings to ensure that all victim rights are being protected. He is further precluded from submitting any substantive pleadings other than those [that] are necessary to ensure that ... victim rights are being protected.

¶ 4 The court denied the state's motion for reconsideration of this ruling. The state and the victims then jointly brought this special action.

## DISCUSSION

■ ¶ 5 We accept special action jurisdiction because the victims have no equally

1. It is undisputed that Lindsay R. and Samantha R. are victims. See Ariz. Const. art. 2, § 2.1(C); A.R.S. § 13–4401(19).

plain, speedy, and adequate remedy by appeal, and the issue presented is purely a question of law. Ariz. R.P. Spec. Act. 1(a); *Vo v. Superior Court (State)*, 172 Ariz. 195, 198, 836 P.2d 408, 411 (App.1992). The victims have standing to participate in this special action under A.R.S. § 13–4437(A).

¶ 6 The victims and the state contend that under the VBR, the VRIA, and Ariz. R.Crim. P. 39, the victims are entitled to litigate restitution through privately retained counsel. We must follow and apply the VBR's plain language, and may not make ad hoc exceptions. *Knapp v. Martone*, 170 Ariz. 237, 239, 823 P.2d 685, 687 (1992). Put simply, neither the VBR nor its implementing legislation or rule provide for privatized restitution proceedings.

¶ 7 The VBR affords victims additional rights in criminal proceedings. *State v. Superior Court (Flores)*, 181 Ariz. 378, 381, 891 P.2d 246, 249 (App.1995). These rights include the right to receive restitution from the defendant, Ariz. Const. art. 2, § 2.1(A)(8), and to be present at restitution proceedings, *see id.* at § 2.1(A)(3) (victim has right to be present at all criminal proceedings where defendant has right to be present); *State v. Lewus*, 170 Ariz. 412, 414, 825 P.2d 471, 473 (App.1992) (defendant has right to be present at restitution proceedings). A victim also may confer with the prosecuting attorney about the case's disposition, A.R.S. § 13–4419(A), and may address the court and "present evidence, information and opinions that concern … the *need* for restitution at any … sentencing proceeding," A.R.S. § 13–4426 (emphasis added); *see also* A.R.S. § 13–4410(C)(3). Such sentencing proceedings include restitution hearings. *Lewus*, 170 Ariz. at 414, 825 P.2d at 473.

¶ 8 A victim may retain private counsel to ensure that these rights are protected. *See* A.R.S. § 13–4437(D) ("counsel for the victim shall be included in all bench conferences and in chambers meetings and sessions with the trial court that directly involve a victim's right"); Ariz. R.Crim. P. 39(c)(4) ("In asserting any of the rights enumerated in this rule or provided for in any other provision of the law, the victim shall also have the right to engage and be represented by personal counsel of his or her choice."). But such counsel cannot serve as a substitute for the prosecutor. A victim's right to confer with the prosecutor "does not include the authority to direct the prosecution of the case." A.R.S. § 13–4419(C). And as our supreme court held in *State v. Lamberton*, "neither the VBR nor the VRIA gives victims a right to control the proceedings, to plead defenses, or to examine or cross-examine witnesses; the VBR and the VRIA give victims the right to participate and be notified of certain criminal proceedings." 183 Ariz. 47, 49, 899 P.2d 939, 941 (1995); *see also Lynn v. Reinstein*, 205 Ariz. 186, 191, ¶¶ 15–17, 68 P.3d 412, 417 (2003) (holding that though victims deserve to be heard and to receive fair treatment in criminal cases, they may not make sentencing recommendations to the jury). The VBR does not make victims "parties" to the prosecution, *Lamberton*, 183 Ariz. at 49, 899 P.2d at 941, and does not allow victims to usurp the prosecutor's unique role.

¶ 9 A "prosecutor does not 'represent' the victim." *Flores*, 181 Ariz. at 382, 891 P.2d at 250. Though the prosecutor owes duties to victims, the prosecutor's responsibility is to represent society's interests and "see that justice is done on behalf of *both* the victim and the defendants." *Id.* (emphasis added). This responsibility extends to restitution proceedings. Restitution is intended not only to make victims whole, but also to rehabilitate defendants—it is not an equivalent of civil damages. *State v. Iniguez*, 169 Ariz. 533, 536, 821 P.2d 194, 197 (App.1991). "[R]estitution is not a claim which belongs to the victim, but a remedial measure that the court is statutorily obligated to employ." *Id.* The state therefore "does not *represent* persons who have suffered economic loss at the [restitution] hearing but may present evidence or information relevant to the issue of restitution." A.R.S. § 13–804(G) (emphasis added).

¶ 10 Unlike a prosecutor, a victim's personal counsel serves solely as an advocate for the victim. The purpose of restitution proceedings would be subverted if the victim's counsel were allowed to take the prose-

cutor's place—such an arrangement would essentially transform a criminal sentencing function into a civil damages trial. Contrary to the petitioners' assertions, nothing in the VBR, the VRIA, Rule 39, or Arizona case law authorizes such a result, even under the liberal-construction standard prescribed by A.R.S. § 13–4418. Further, because restitution is not a claim that belongs to victims, we reject the petitioners' contention that the allocation of prosecutorial duties to the state deprives victims of due process.

¶ 11 The superior court's order appropriately limited the victims' participation in the restitution proceedings to accord with the rights provided by the VBR. While a victim has the right to have counsel present evidence on the subjects enumerated in A.R.S. § 13–4426, the victims' counsel in this case sought to invade the state's province.

## CONCLUSION

¶ 12 For the reasons set forth above, we accept special action jurisdiction but deny the petitioners' request for relief.