NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA ex rel. WILLIAM G. MONTGOMERY,
Maricopa County Attorney, *Petitioner*,

*v.*

THE HONORABLE JOSE PADILLA, Judge of the SUPERIOR COURT OF
THE STATE OF ARIZONA, in and for the County of MARICOPA,
*Respondent Judge,*

CHRIS A. SIMCOX a.k.a. CHRISTOPHER ALLEN SIMCOX,
*Real Party in Interest.*

A.S., mother of minor crime victim, Z.S., *Petitioner,*

v.

THE HONORABLE JOSE S. PADILLA, Judge of the SUPERIOR COURT
OF THE STATE OF ARIZONA, in and for the County of MARICOPA,
*Respondent Judge,*

CHRIS ALLEN SIMCOX.
*Real Party in Interest.*

No. 1 CA-SA 15-0203, 1 CA-SA 15-0211
(Consolidated)
FILED 9-10-2015

Petition for Special Action from the Superior Court in Maricopa County
No. CR2013-428563-001 DT
The Honorable Jose S. Padilla, Judge

**JURISDICTION ACCEPTED; RELIEF GRANTED IN PART**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Amanda M. Parker
*Counsel for Petitioner State of Arizona*

Chris A. Simcox, Phoenix
*Real Party in Interest*

Office of the Legal Defender, Phoenix
By Sheena Chawla, Robert S. Shipman
*Advisory Counsel for Real Party in Interest*

Arizona Voice for Crime Victims, Tempe
By Colleen Clase
*Counsel for A.S.*

DeFusco & Udelman, PLC, Scottsdale
By Randall Udelman
*Counsel for Amicus Curiae National Crime Victim Law Institute*

---

**MEMORANDUM DECISION**

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Jon W. Thompson and Chief Judge Michael J. Brown joined.

---

**T H U M M A**, Judge:

**¶1** These consolidated special actions arise out of pretrial proceedings in a criminal case where Chris Simcox is charged with three counts of sexual conduct with a minor, two counts of child molestation and one count of furnishing harmful items to minors, alleged to have occurred at various times between April 2012 and May 2013. Accepting special action jurisdiction over both petitions, because the superior court did not properly

apply Arizona Revised Statute (A.R.S.) section 13-1421 (2015),[1] this court grants relief and remands for further proceedings consistent with this decision. Because the superior court did not properly apply the Victims' Bill of Rights, Ariz. Const. art 2, § 2.1, (VBR) as implemented in the Victims' Rights Implementation Act (VRIA), A.R.S. § 13-4401, et seq., this court also grants relief on that basis and remands for further proceedings consistent with this decision.

## FACTS AND PROCEDURAL HISTORY

**¶2** The victims Z.S. and J.D. were approximately 8-years old at the time of the alleged offenses. The State challenges the superior court's application of A.R.S. § 13-1421(A) to statements made by Z.S., while A.S., the mother and legal representative of Z.S., challenges the application of the VBR and the VRIA. An evidentiary hearing addressing A.R.S. § 13-1421(A) provides much of the basis for both challenges.

**¶3** The State developed concerns that Simcox, who has elected to represent himself, would offer evidence at trial that Z.S. "has made prior allegations of sexual abuse against another individual." In April 2015, the State moved in limine pursuant to A.R.S. § 13-1421(A)[2] to preclude any evidence or reference at trial "regarding alleged sexual activity between victim Z.S. and anyone other than" Simcox. Simcox argued the statute did

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

[2] As relevant here, that statute states:

> Evidence of specific instances of the victim's prior sexual conduct may be admitted only if a judge finds the evidence is relevant and is material to a fact in issue in the case and that the inflammatory or prejudicial nature of the evidence does not outweigh the probative value of the evidence, and if the evidence is . . . [e]vidence of false allegations of sexual misconduct made by the victim against others.

A.R.S. § 13-1421(A)(5). "The standard for admissibility of evidence under subsection A is by clear and convincing evidence." A.R.S. § 13-1421(B).

not apply because he intended to introduce evidence that Z.S. alleged an individual, referred to here as N., touched her inappropriately, arguing such evidence would constitute a third-party defense to the charges against him involving Z.S. The superior court set an evidentiary hearing on the matter, the relevant portion of which was held on July 23, 2015.

**¶4**        Counsel for A.S. attempted to assert various rights on behalf of A.S. and as legal representative of Z.S. At a July 7, 2015 evidentiary hearing, counsel for A.S. stated "I just want the record to note our continued objection to Mr. Simcox conducting any cross-examination of" A.S. The superior court responded that counsel for A.S. does not "have a right to participate in this part. . . . You're not representing the State. You represent this witness. We're not dealing with litigation involving this witness. So it will be noted, but that's about it." After counsel for A.S. cited A.R.S. § 13-4437,[3] the court noted counsel had standing to represent A.S. "but not participate," citing *Lindsay R. v. Cohen*, 236 Ariz. 565, 343 P.3d 435 (App. 2015).

---

[3] As relevant here, that statute states:

> A. The victim has standing to seek an order, to bring a special action or to file a notice of appearance in an appellate proceeding seeking to enforce any right or to challenge an order denying any right guaranteed to victims under the victims' bill of rights, article II, § 2.1, Constitution of Arizona, any implementing legislation or court rules. In asserting any right, the victim has the right to be represented by personal counsel at the victim's expense.
>
>   . . . .
> C. At the request of the victim, the prosecutor may assert any right to which the victim is entitled.
> D. On the filing of a notice of appearance and if present, counsel for the victim shall be included in all bench conferences and in chambers meetings and sessions with the trial court that directly involve a victim's right enumerated in article II, § 2.1, Constitution of Arizona.

A.R.S. § 13-4437(A), (C)-(D).

¶5 Counsel for A.S. filed a motion to reconsider, which the superior court denied. Counsel for A.S. also filed a motion for a protective order seeking to preclude testimony from Dr. C.P. on the grounds it would violate the privacy rights of Z.S. At the July 23, 2015 hearing, when the prosecutor stated the motion for protective order was filed by A.S.'s counsel "on behalf of the victim," the court stated "[a]ny information that counsel for any of the victims" wanted to raise with the court comes through the prosecutor pursuant to *Lindsay R.* When A.S.'s counsel argued she had standing to assert her rights under A.R.S. § 13-4437(A), "rather than asking the State to do it on her behalf," the court stated that, because A.S. had testified at the July 7, 2015 hearing when called by the State, Simcox had a right to cross-examine her. A.S.'s counsel responded that she was "not saying that [A.S.] shouldn't be cross-examined. I wanted to make a record that I objected to Mr. Simcox cross-examining her." The court noted that the parties to a criminal case are the State and the defendant and "[t]o the extent that they [the victims] do have rights, you can make your position known by way of objecting to what's going on, but that's it." When A.S.'s counsel asked if she could argue her motion for protective order, the court responded "[t]hat would be [the prosecutor's] job." The court later acknowledged that A.S. has a right to be heard and to be present. The rulings outlined above, however, were not altered.

¶6 At the July 23, 2015 evidentiary hearing, the superior court heard testimony from Dr. C.P. who met with Z.S. periodically from June 2011 to May 2013. Dr. C.P. testified that Z.S. reported in May 2013 that N. had touched her inappropriately. Dr. C.P. immediately reported that disclosure to the Department of Child Safety (DCS). A DCS investigative case manager testified about the investigation of that report.

¶7 At the conclusion of the hearing, the superior court confirmed that A.R.S. § 13-1421(A)(5) sets forth the applicable analysis and addresses "false allegations against others." The court characterized certain testimony as "'[w]e simply couldn't find evidence of it, but we can't tell you that it did not happen.'" The court, however, declared it was "not making a determination that there is a basis" for the statement by Z.S. that N. had touched her inappropriately. This declaration was consistent with an earlier statement by the court that the scope of the hearing was:

> simply trying to establish is there some credible evidence that there was an allegation made as to another individual. This is not a trial of that other individual. So the statement is not to prove that [N.] did it, but that the allegation was

made, there is credible evidence, and the witnesses should be examined in front of a jury about those things. That's the entire scope of this hearing.

**¶8**         The court then indicated it would allow Simcox to question witnesses about the statement by Z.S. that N. had touched her inappropriately. In response, the State argued that "[j]ust because . . . [Z.S.] may have been touched by somebody else doesn't prove or disprove anything about the defendant. She could have been touched by both. So that's why it's not relevant to this proceeding, and would only serve to confuse the jury." The court indicated it was impeachment and "[t]here is clear evidence that the statements were made to a mandated reporter whose job it was to figure out if these things were made," meaning Simcox was not "simply making them up." The court concluded that Simcox "has met his burden of showing that there were allegations made against another individual. . . . The fact that they turned out to be unsubstantiated is something [the State] can bring up."

**¶9**         The State argued A.R.S. § 13-1421(A)(5) "talks about evidence of the false allegations of sexual misconduct made by the victim against others. That's not what the defendant is arguing here. He's arguing that she wasn't touched by him, that she was touched by somebody else. That's not what this statute is for." The State argued allegations could be admissible "[o]nly if they were false" and met the other requirements of the statute, adding:

> But just because she may have been touched by somebody else, it's just like as if somebody would have been sexually assaulted by somebody else. Just because it may have happened doesn't make him less a defendant or not, less the perpetrator or not. That's what the purpose of [A.R.S. § 13-]1421 is, not to confuse the jury.

The court responded that it disagreed with the State, adding "[m]y ruling stands." After the State obtained a stay from the superior court, the State and A.S. filed these petitions for special action. Simcox filed the same response in both matters, which addresses in part the State's arguments under A.R.S. § 13-1421 but does not directly address the arguments made by A.S.

**DISCUSSION**

**I.    Special Action Jurisdiction.**

**¶10**        Special action jurisdiction is appropriate where petitioner has no "equally plain, speedy, and adequate remedy by appeal." Ariz. R.P. Spec. Act. 1(a). Special action jurisdiction is appropriate to address an issue that is "'a purely legal question, is of statewide importance, and is likely to arise again.'" *Lear v. Fields*, 226 Ariz. 226, 229 ¶ 6, 245 P.3d 911, 914 (App. 2011) (quoting *Vo v. Superior Court*, 172 Ariz. 195, 198, 836 P.2d 408, 411 (App. 1992)). "Although 'highly discretionary,' accepting special action jurisdiction is particularly appropriate where the welfare of children is involved and the harm complained of can only be prevented by resolution before an appeal," *Dep't. of Child Safety v. Beene*, 235 Ariz. 300, 303 ¶ 6, 332 P.3d 47, 50 (App. 2014) (citations omitted).

**¶11**        As applied, the petitions seek review of decisions that are not final and appealable at this time, implicate the interests of children and involve legal issues of statewide importance that are likely to arise again. Moreover, there is no equally plain, speedy and adequate remedy by appeal. Accordingly, in exercising its discretion, this court accepts special action jurisdiction over the petitions filed by the State and A.S. In doing so, the court notes A.S. has standing to participate in this special action under A.R.S. § 13-4437(A). *See Lindsay R.*, 236 Ariz. at 567 ¶ 5, 343 P.3d at 437.

**II.    The Merits.**

**A.    Standard Of Review.**

**¶12**        Although this court reviews a superior court's decision to admit evidence for an abuse of discretion, a superior court's interpretation of statutory provisions is subject to a de novo review. *See State v. Bernstein*, 237 Ariz. 226, 228 ¶ 9, 349 P.2d 200, 202 (2015) (citing cases). Similarly, the superior court's interpretation of the VBR, the VRIA and Ariz. R. Crim. P. 39 is subject to a de novo review. *See State ex rel. Thomas v. Klein*, 214 Ariz. 205, 207 ¶ 5, 150 P.3d 778, 780 (App. 2007).

### B.     A.R.S. § 13-1421(A)(5).

¶13     As applicable here, for evidence of specific instances of the victim's prior sexual conduct to be admissible, the proponent of such evidence must prove by clear and convincing evidence that (1) the "evidence is relevant and is material to a fact in issue in the case;" (2) the "evidence is . . . of false allegations of sexual misconduct made by the victim against others;" and (3) "the inflammatory or prejudicial nature of the evidence does not outweigh the probative value of the evidence." A.R.S. § 13-1421(A)(5); *see also State v. Gilfillan*, 196 Ariz. 396, 401 ¶ 16, 998 P.3d 1069, 1074 (App. 2000); Ariz. R. Evid. 608(b).

¶14     It is not clear that the superior court determined whether evidence regarding the statement by Z.S. that N. had touched her inappropriately was relevant and material to a fact at issue, a necessary predicate to an admissibility ruling under A.R.S. § 13-1421(A)(5). *See State ex rel. Montgomery v. Duncan*, 228 Ariz. 514, 516 ¶ 7, 269 P.3d 690, 692 (App. 2011) ("A finding of relevancy alone does not act to trump victim's rights"). It is clear, however, that the superior court neither found the statement was false (as is required to be admissible under A.R.S. § 13-1421(A)(5)) or may be true (as would be required for a third-party defense theory). Instead, although finding "clear evidence that statements were made," the superior court expressly stated it was "not making a determination that there is a basis for those claims." Finally, there is nothing in the record indicating the court assessed whether the inflammatory or prejudicial nature of the evidence did not outweigh its probative value, an assessment required by the statute that differs from the standard in Ariz. R. Evid. 403 and that the superior court has considerable discretion in addressing. *See Gilfillan*, 196 Ariz. at 405 ¶ 29, 998 P.3d at 1078.

¶15     In opposing the State's special action petition, Simcox argues the evidence is admissible under A.R.S. § 13-1421(A)(3), which addresses admissibility of prior sexual conduct evidence "that supports a claim that the victim has a motive in accusing the defendant of the crime." Simcox, however, did not press that argument with the superior court. *Cf. Trantor v. Fredrikson*, 179 Ariz. 299, 300, 878 P.2d 657, 658 (1994) ("[A]bsent extraordinary circumstances, errors not raised in the trial court cannot be raised on appeal."). Moreover, to show admissibility under A.R.S. § 13-1421(A)(3), Simcox would be required to prove by clear and convincing evidence: (1) the "evidence is relevant and is material to a fact in issue in the case;" (2) the "evidence is . . . [e]vidence that supports a claim that the victim has a motive in accusing the defendant of the crime;" and (3) "the inflammatory or prejudicial nature of the evidence does not outweigh the

probative value of the evidence." A.R.S. § 13-1421(A)(3). As noted above, the record does not support a finding that Simcox met his burden regarding the first and third of these required showings. Nor, as to the second required showing, has Simcox shown how Z.S.'s allegation regarding N. shows Z.S. has a motive in accusing Simcox the crimes alleged. On this record, and recognizing Simcox did not raise the argument with the superior court, the order is not supported by A.R.S. § 13-1421(A)(3).[4]

¶16 The superior court's findings do not support the conclusion that evidence regarding the statement by Z.S. that N. had touched her inappropriately is admissible under A.R.S. § 13-1421(A)(5). Accordingly, the superior court's ruling that such evidence is admissible is vacated.

### C. VBR And VRIA.

¶17 The superior court's rulings regarding A.S.'s participation in the matter are less specific than the ruling under A.R.S. § 13-1421(A)(5). As a result, A.S.'s arguments regarding the VBR and VRIA are somewhat more general. A.S. makes two primary arguments: (1) *Lindsay R.* does not preclude the ability of a victim's private counsel from asserting the victim's rights in pretrial proceedings and (2) the superior court violated Z.S.'s rights to standing and have her own counsel when A.S.'s counsel was prohibited from asserting and making arguments to protect victim's rights, including on Z.S.'s behalf, during pretrial proceedings.

¶18 *Lindsay R.* held that neither the VBR, the VRIA nor Ariz. R. Crim. P. 39 "provide for privatized restitution hearings." 236 Ariz. at 567 ¶ 6, 343 P.3d at 437. *Lindsay R.* declared that "[t]he VBR does not make victims 'parties' to the prosecution, and does not allow victims to usurp the prosecutor's unique role." 236 Ariz. at 567 ¶ 8, 343 P.3d at 437 (citation omitted). A.S. does not dispute these directives, admits she is not a party to the criminal case and is not seeking to displace or usurp the prosecutor. More broadly, the issue of guilt in the criminal case has not yet been resolved, meaning restitution is not yet implicated. Accordingly, the concerns expressed in *Lindsay R.* – that allowing victim's counsel to substitute for the prosecution in a restitution proceeding would "essentially

---

[4] Similarly, although his response takes issue with the State's prosecution of the case and other rulings by the superior court, Simcox has not filed a petition for special action review, meaning those issues will not be addressed here.

transform a criminal sentencing function into a civil damages trial" – are not presented here. 236 Ariz. at 568 ¶ 10, 343 P.3d at 438.

**¶19**　　　*Lindsay R.* does, however, offer some guidance applicable here. *Lindsay R.* made clear that the "prosecutor does not 'represent' the victim." 236 Ariz. at 567 ¶ 9, 343 P.3d at 437 (citation omitted). "Unlike a prosecutor, a victim's personal counsel serves solely as an advocate for the victim." *Id.* at ¶ 10. Moreover, as noted two decades ago in a different context, "the VBR and the VRIA give victims the right to participate and be notified of certain criminal proceedings." *State v. Lamberton*, 183 Ariz. 47, 49, 899 P.2d 939, 941 (1995). Accordingly, it is not correct to say broadly that the victim provides information to the State and the State then decides whether it is going to use that information (with no recourse by the victim).

**¶20**　　　The VBR guarantees a crime victim various rights, including "[t]o be present at and, upon request, to be informed of all criminal proceedings where defendant has the right to be present." Ariz. Const. art. 2, § 2.1(A)(3). Under the VRIA, in asserting any right the victim holds, "the victim has the right to be represented by personal counsel at the victim's expense." A.R.S. § 13-4437(A); *accord* Ariz. R. Crim. P. 39(c)(4). "On the filing of a notice of appearance and if present, counsel for the victim shall be included in all bench conferences and in chambers meetings and sessions with the trial court that directly involve a victim's right enumerated in" the VBR. A.R.S. § 13-4437(D).

**¶21**　　　Under the VRIA, "the victim has standing to seek an order, to bring a special action or to file a notice of appearance in an appellate proceeding seeking to enforce any right or to challenge an order denying any right guaranteed to victims." A.R.S. § 13-4437(A). To the extent that the superior court may have initially viewed this provision as applying only to appellate proceedings, such a reading would not be supported. The Legislature has directed that the VRIA "shall be liberally construed to preserve and protect the rights to which victims are entitled." A.R.S. § 13-4418. Requests "seek[ing] an order" are made to, and granted by, both appellate and superior courts. Moreover, limiting the ability to enforce the rights enumerated in the VBR and VRIA to orders issued by appellate courts (but prohibiting superior courts from issuing such orders) would largely nullify those rights. Accordingly, A.S., as legal representative of Z.S., had standing to seek an order from the superior court pursuant to A.R.S. § 13-4437(A).

**¶22**　　　Statutory standing to seek an order implies the right to properly request an order. With exceptions not applicable here, a request

for an order in a criminal case must be timely, in writing, served and filed with the court. *See* Ariz. R. Crim. P. 35.3. For victims, the subject matter of such a request is limited to "enforce[ing] any right or to challeng[ing] an order denying any right guaranteed to victims." A.R.S. § 13-4437(A).

¶23　　　　As applied, and without expressing any opinion on the merits of the requests, A.S., through her counsel, had a right to object to Simcox personally (as opposed to through other means) conducting cross-examination of A.S. and, as legal representative of Z.S., to object to Simcox eliciting testimony based on Z.S.'s rights as a victim, including privacy rights. Accordingly, the superior court's rulings to the contrary are vacated.

## CONCLUSION

¶24　　　　Accepting special action jurisdiction over both petitions, this court grants relief as set forth above and remands for further proceedings consistent with this opinion.



Ruth A. Willingham · Clerk of the Court
FILED: ama