NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

MIGUEL REBOLLAR ZARCO, *Appellant.*

No. 1 CA-CR 15-0470
FILED 7-28-16

Appeal from the Superior Court in Maricopa County
No. CR2014-002088-001
The Honorable Warren J. Granville, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Jillian Francis
*Counsel for Appellee*

Law Office of Brent E. Graham, PLLC, Glendale
By Brent E. Graham
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Maurice Portley delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Patricia K. Norris joined.

---

**P O R T L E Y**, Judge:

¶1        Miguel Zarco ("Zarco") appeals his conviction and sentences for three sexual offenses.  For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2        The victim contacted the police and reported that Zarco had molested her fifteen years earlier.  After an investigation, which included Zarco confessing to two acts and a confrontation call, Zarco was charged with three counts of child molestation and one count of sexual conduct with a minor involving the victim.[1]

¶3        The case went to trial and a jury was empaneled.  Hours before opening statements, Zarco's lawyer advised the State by email that he intended to "admit evidence of [the victim's] prior sexual history" by seeking "to admit evidence that [Zarco's brother Gustavo] engaged in oral sex with [the victim] when she was a child," "admit her conflicting statements regarding these acts," as well as the fact that "she later denied remembering" that those acts happened.  In response, the State filed a motion in limine to preclude the use of the statements, arguing that Zarco had failed to comply with the notice requirement of Arizona Revised Statutes ("A.R.S.") section 13-1421(B),[2] the rape shield law, which describes the procedural steps that must be followed before a party can introduce "[e]vidence of false allegations of sexual misconduct made by the victim against others."  A.R.S. § 13-1421(A)(5).  After argument, the court granted the motion on procedural and substantive grounds, and later denied Zarco's motion for reconsideration.

---

[1] Zarco was also charged with three counts involving another victim.  The jury, however, acquitted Zarco on one charge and hung on the other two charges involving the other victim.

[2] We cite to the current version of the statute unless otherwise noted.

¶4        The trial proceeded, and the jury found Zarco guilty of sexual conduct with a minor ("count two") and of two counts of molestation of a child ("counts three and four"). He was subsequently sentenced to life in prison, with the possibility of parole after thirty-five years, for count two, and consecutive prison terms of thirteen years each for counts three and four.

¶5        Zarco appealed, and we have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

¶6        Zarco argues that his due-process rights to impeach the victim were violated when the court refused to allow him to confront the victim about her statements about his brother, Gustavo. We review a trial court's decision to admit or preclude evidence subject to the rape shield law for an abuse of discretion. *State v. Herrera*, 232 Ariz. 536, 549, ¶ 38, 307 P.3d 103, 116 (App. 2013). We review the interpretation of statutory provisions de novo. *State ex rel. Montgomery v. Padilla*, 238 Ariz. 560, 564, ¶ 12, 364 P.3d 479, 483 (App. 2015).

¶7        Arizona's rape shield statute protects victims of sexual offenses (including child-molest cases, *State v. Oliver*, 158 Ariz. 22, 27, 760 P.2d 1071, 1076 (1988)) "from being exposed at trial to harassing or irrelevant questions concerning any past sexual behavior."[3] *State v. Gilfillan*, 196 Ariz. 396, 400-01, ¶ 15, 998 P.2d 1069, 1073-74 (App. 2000). The statute, however, has five exceptions to the general ban, including "evidence of false allegations of sexual misconduct made by the victim against others." A.R.S. § 13-1421(A)(5). If the trial court finds the evidence relevant and material to a fact in issue, and concludes that the inflammatory or prejudicial nature of the evidence does not outweigh its probative value, A.R.S. § 13-1421(A), the exception "allows a defendant to introduce evidence of a victim's previous false accusations against others." *Gilfillan*, 196 Ariz. at 401, ¶ 16, 998 P.2d at 1074.

---

[3] The rape shield statute "seemingly codifies the rule enunciated in the Arizona Supreme Court case *State ex rel. Pope v. Superior Court in and For Mohave County*, 113 Ariz. 22, 545 P.2d 946 (1976), and its progeny." *State v. Gilfillan*, 196 Ariz. 396, 401 n.3, ¶ 16, 998 P.2d 1069, 1074 n.3 (App. 2000).

**Preclusion of the Evidence**

**¶8** Zarco specifically argues the court abused its discretion "by not permitting [the victim] to be impeached with her prior inconsistent statements involving false allegations against [his] brother." He concedes the evidence he wanted to introduce was subject to A.R.S. § 13-1421, but argues the court abused its discretion by precluding him from using the statements on timeliness grounds.

**¶9** Section 13-1421(B) provides that evidence falling under the rape-shield-law exceptions "shall not be referred to in any statements to a jury or introduced at trial without a court order after a hearing on written motions is held to determine the admissibility of the evidence." Because rape shield statutes are "designed to protect victims of rape from being exposed at trial to harassing or irrelevant questions concerning their past sexual behavior," the notice-and-hearing requirements represent "valid legislative determination[s] that rape victims deserve heightened protection against surprise, harassment, and unnecessary invasions of privacy." *Gilfillan*, 196 Ariz. at 402, ¶ 21, 998 P.2d at 1075 (quoting *Michigan v. Lucas*, 500 U.S. 145, 146, 150 (1991)). Moreover, our notice-and-hearing requirement provides "procedural safeguards to reduce inaccuracies and prejudicial evidence." *Id.* at 403, ¶ 23, 998 P.2d at 1076.

**¶10** Here, without any prior notice and after trial had begun, Zarco's lawyer sent the prosecutor an email stating he intended to elicit evidence of supposed false allegations made by the victim about Gustavo. Although the email message is not in the record, Zarco's lawyer told the trial court that:

> [The victim] told Officer Valenzuela that Gustavo forced her to perform oral sex on him on multiple occasions, and then three weeks later in speaking with Detective Sanchez when Detective Sanchez was inquiring as to what Gustavo did, she sa[id], "I don't remember Gustavo doing anything other than offering me $5 to do something."

When the court asked the lawyer about the timing of the disclosure, he replied:

> I did not notice the line in Officer Valenzuela's report until I was reviewing it again yesterday

> in preparation . . . I have no problem
> acknowledging that I should have noticed that
> in Officer Valenzuela's report earlier. I just
> didn't notice it.

The court found "that there [was] a late disclosure issue" and the next day noted that defense counsel had failed to comply with the "specific [notice] requirements" of the statute.

¶11 Section 13-1421(B) expressly requires that evidence falling under one of the exceptions of A.R.S. § 13-1421(A) "shall not" be used during trial unless there is first a "hearing on written motions." Zarco's lawyer did not, however, file a motion before trial. He did not recognize any inconsistency between the time the State provided notice of disclosure in September 2014 and the empaneling of the jury on April 6, 2015.

¶12 Although the statute gives the court discretion to excuse the written-motion requirement for new evidence "discovered during the course of the trial," A.R.S. § 13-1421(B), the statute does not otherwise excuse the written-motion requirement. Here, the State provided counsel with discovery, but he did not timely file a motion requesting a hearing before trial. Because Zarco did not comply with the written-motion requirement, the court did not err by granting the State's motion in limine based on the untimely request. *See Gilfillan*, 196 Ariz. at 403, ¶ 20, 998 P.2d at 1075 (noting that "a defendant's right to present relevant testimony is not limitless," and "may, in appropriate cases, bow to accommodate other legitimate interests in the criminal trial process") (citations omitted); *see also Lucas*, 500 U.S. at 152 ("[T]he Sixth Amendment does not confer the right to present testimony free from the legitimate demands of the adversarial system.") (citation omitted).[4]

---

[4] Because we find that the court did not err by precluding Zarco from attempting to impeach the victim on statutory procedural grounds, we do not have to address whether the court abused its discretion by finding that none of the exceptions in § 13-1421 were met, that the information Zarco sought to have admitted was not relevant, but if it was relevant, it is precluded by Arizona Rule of Evidence 403. *See State v. Payne*, 233 Ariz. 484, 503, ¶ 52, 314 P.3d 1239, 1258 (2013) (explaining that trial courts have discretion to exclude otherwise admissible evidence under Rule 403 "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting

**CONCLUSION**

**¶13**      Based on the foregoing, we affirm Zarco's convictions and sentences.



Ruth A. Willingham · Clerk of the Court
FILED: jt

---

time, or needlessly presenting cumulative evidence") (citation omitted); *Gilfillan*, 196 Ariz. at 404-05, ¶ 29, 998 P.2d at 1077-1078 (noting that "the court has considerable discretion in determining whether the probative value of the evidence [of a false accusation of sexual misconduct] is substantially outweighed by its unfairly prejudicial effect.").