NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

JAMES ROBERT SMALL, *Appellant*.

No. 1 CA-CR 16-0906
FILED 2-8-2018

Appeal from the Superior Court in Maricopa County
No. CR2016-118717-002
The Honorable David O. Cunanan, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Lawrence S. Matthew
*Counsel for Appellant*

James Robert Small, Eloy
*Appellant*

**MEMORANDUM DECISION**

Chief Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Judge Jennifer B. Campbell joined.

**T H U M M A**, Chief Judge:

¶1 This is an appeal under *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for defendant James Robert Small has advised the court that, after searching the entire record, he has found no arguable question of law, and asks this court to conduct an *Anders* review of the record. Small was given the opportunity to file a supplemental brief pro se, and has done so. This court has reviewed the record and has found no reversible error. Accordingly, Small's convictions and resulting sentences are affirmed.

## FACTS[1] AND PROCEDURAL HISTORY

¶2 Early on April 20, 2016, Phoenix police responded to a call regarding three suspicious individuals, each wearing a backpack, in Phoenix. Officers went to the scene and, at approximately 4:00 a.m., contacted two males and a female. One of the three was Small, who also was wearing gloves. The officer who had contact with Small determined Small had an outstanding warrant and arrested him. A search of Small's backpack incident to arrest revealed bolt cutters, a drill, batteries and a charger, screwdrivers, flashlights and a case with multiple identification cards and checks that did not contain Small's name. The backpack also contained a bag with two containers, each containing a crystalline substance.

¶3 The arresting officer testified that, while removing these items from the backpack, Small indicated he wanted to cooperate. After reading Small his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966), Small

---

[1] This court views the facts "in the light most favorable to sustaining the verdict, and resolve[s] all reasonable inferences against the defendant." *State v. Rienhardt*, 190 Ariz. 579, 588-89 (1997) (citation omitted). The facts are based on the trial testimony as summarized in the briefs on appeal.

agreed to point out the locations of some burglaries. Small said that, while walking down various streets, the two other individuals removed property from cars and placed the property in Small's backpack. Small then led officers to various locations, including the cars of F.L. and P.B.

¶4 F.L. testified that he was contacted by police on the morning of April 20, 2016 and saw that the glove compartment of his car was open and papers were "scattered around." F.L. testified that a checkbook and garage door opener were missing and he had not given Small permission to take those items. F.L. identified as his property a checkbook and the garage door opener found in Small's backpack.

¶5 P.B. testified that he was contacted by police on the morning of April 20, 2016. P.B. testified that a drill, batteries and a battery charger had been taken from his car, and that the glove compartment had been "messed up a little bit." P.B. identified as his property a drill and batteries that had been recovered by police, adding he never gave Small permission to possess the items.

¶6 N.B. testified that her car had been broken into in early February 2016 and her tax return and other items were taken. In April 2016, she learned that the police had recovered a tax return containing her name, social security number and other information. No one other than the Internal Revenue Service had permission to possess the tax return, which was found in the backpack Small was wearing.

¶7 Another trial witness, M.D., testified her car was broken into in early February 2016 and "pretty much everything" was taken. In April 2016, she learned a check with her name and other information had been recovered by police. She testified that a trial exhibit was a check containing her identifying information, although she was not sure if the check had been in the car in early February 2016. She testified she did not know Small and knew of no reason why he would be in possession of a check containing her identifying information.

¶8 An employee of the Phoenix Police Crime Laboratory testified that she tested the crystalline substance in the two containers, which was methamphetamine. Both contained more than one gram, but less than two grams, of the drug.

¶9　　　　The State charged Small with two counts of burglary in the third degree, each Class 4 felonies; possession of burglary tools, a Class 6 felony; aggravated taking of the identity of another, a Class 3 felony and possession or use of a dangerous drug, a Class 4 felony.

¶10　　　　Small timely requested a voluntariness hearing. After an evidentiary hearing, the court found his statements were not the result of force, threats or coercion and were not involuntary and that his statements were admissible at trial. The State timely alleged aggravating circumstances; historical prior felony convictions and prior felony convictions constituting multiple offenses not committed on the same occasion and offenses committed while released from confinement.

¶11　　　　Trial lasted four days. The State called numerous witnesses and various exhibits were received in evidence. After the State rested, Small moved for a judgment of acquittal, which was denied. As was his right, Small elected not to testify or to offer any affirmative evidence. After final instructions and argument, the jury deliberated and found Small guilty as charged. In the aggravation phase, among other things, the jury found the State proved Small was on probation for a felony offense at the time of each offense. At Small's request, the jurors were polled and confirmed the verdicts.

¶12　　　　At a December 2016 sentencing, after hearing testimony, receiving evidence and hearing argument, the court found Small had three historical prior felony convictions. After considering a presentence report and argument, and Small's statements, the court sentenced him as a non-dangerous but repetitive (category three) offender to concurrent, presumptive prison terms, the longest of which was for 11.25 years, with 34 days presentence incarceration credit. This court has jurisdiction over Small's timely appeal pursuant to the Arizona Constitution, Article 6, Section 9, and Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1), 13-4031, and -4033(A)(1) (2018).[2]

---

[2] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

## DISCUSSION

**¶13**     This court has reviewed and considered counsel's brief and appellant's pro se supplemental brief, and has searched the entire record for reversible error. *See State v. Clark*, 196 Ariz. 530, 537 ¶ 30 (App. 1999). Searching the record and briefs reveals no reversible error. The evidence admitted at trial constitutes substantial evidence supporting Small's convictions. From the record, all proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure, and the consequences imposed were within the statutory limits and permissible range.

**¶14**     Small's supplemental brief asserts that his statements to police were not voluntary and that the grand and petit jury proceedings were "so compromised as to render the proceedings fundamentally unfair." The court addresses these arguments in turn.

**¶15**     Small's voluntariness argument is based on a claim that he made statements while in custody but before being advised of his *Miranda* rights. Small, however, points to no inculpatory statements he made during that time. Indeed, as the superior court concluded at the voluntariness hearing, the record shows his inculpatory statements were made *after* he was advised of his *Miranda* rights, waived those rights and decided to cooperate with law enforcement. Although complaining that those statements were not recorded, Small cites no authority requiring that they be recorded. Nor has he shown that the superior court erred in its findings on the point. On this record, Small has shown no error.[3]

**¶16**     Small's grand and petit jury argument alleges that the jurors selected to serve in those two different roles were not selected from a fair cross-section of the population. Small, however, did not timely press such arguments with the superior court, meaning they are waived on appeal. *See Padilla*, 238 Ariz. at 564 ¶ 15. Furthermore, Small offers no record evidence supporting his arguments, other than pointing to the "name or surname" of the grand and petit jurors who were selected. Indeed, Small concedes

---

[3] The court rejects Small's assertion on appeal about what he "would have testified" to at the suppression hearing or at trial, given that he elected not to testify and he was not prevented from testifying. *See State ex. rel. Montgomery v. Padilla*, 238 Ariz. 560, 564 ¶ 15 (App. 2015) ("'[A]bsent extraordinary circumstances, errors not raised in the trial court cannot be raised on appeal.'") (citation omitted).

that, of the individuals who participated in voir dire, "the record is void of the 'nationality' of the impaneled-eligible members called" and there is no evidence suggesting the panel was not a fair cross-section. Nor has Small shown how *Arizona v. Inter Tribal Council of Arizona, Inc.*, 133 S. Ct. 2247 (2013) shows error in this case. On this record, Small has shown no error regarding the grand and petit jury in this case.

## CONCLUSION

¶17 This court has read and considered counsel's brief and Small's pro se supplemental brief, and has searched the record provided for reversible error and has found none. *Leon*, 104 Ariz. at 300; *Clark*, 196 Ariz. at 537 ¶ 30. Accordingly, Small's convictions and resulting sentences are affirmed.

¶18 Upon the filing of this decision, defense counsel is directed to inform Small of the status of the appeal and of his future options. Defense counsel has no further obligations unless, upon review, counsel identifies an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Small shall have 30 days from the date of this decision to proceed, if he desires, with a pro se motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA