NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE
# ARIZONA COURT OF APPEALS
### DIVISION ONE

CRAIG JOHNSON,
*Petitioner*,

*v.*

THE HONORABLE SAMUEL E. VEDERMAN,
Judge of the SUPERIOR COURT OF
THE STATE OF ARIZONA, in and for
the County of LA PAZ,
*Respondent Judge*,

STATE OF ARIZONA,
*Real Party in Interest*.

JOSE TREJO,
*Petitioner*,

*v.*

THE HONORABLE SAMUEL E. VEDERMAN,
Judge of the SUPERIOR COURT OF
THE STATE OF ARIZONA, in and for
the County of LA PAZ,
*Respondent Judge*,

STATE OF ARIZONA,
*Real Party in Interest*.

JEFFREY CARTER,
*Petitioner*,

*v.*

THE HONORABLE SAMUEL E. VEDERMAN,
Judge of the SUPERIOR COURT OF
THE STATE OF ARIZONA, in and for
the County of LA PAZ,
*Respondent Judge*,

STATE OF ARIZONA,
*Real Party in Interest.*

No. 1 CA-SA 17-0105
1 CA-SA 17-0111
1 CA-SA 17-0112
(Consolidated)
FILED 6-6-2017

_____

Petition for Special Action from the Superior Court in La Paz County
No.  CR2016-00048, CR2016-00049, CR2016-00070,
CR2016-00249, CR2016-00177
The Honorable Samuel E. Vederman, Judge

**JURISDICTION ACCEPTED; RELIEF GRANTED IN PART**
_____

COUNSEL

Orent Law Offices, PLC, Phoenix
By Craig S. Orent
*Counsel for Petitioner Johnson*

Grynkewich Law Offices, Kingman
By Jeffrey P. Grynkewich
*Counsel for Petitioners Trejo/Carter*

La Paz County Attorney's Office, Parker
By James P. Schilder
*Counsel for Real Party in Interest*

---

**MEMORANDUM DECISION**

---

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Patricia K. Norris and Judge Samuel A. Thumma joined.

---

J O H N S E N, Judge:

¶1        We exercise our discretion to accept jurisdiction of these consolidated petitions for special action relief. Petitioners have no adequate remedy at law, and, as briefed, the issue on which we rule is a legal issue and is appropriate for special action jurisdiction. *See* Ariz. R.P. Spec. Act. 1, 2; *Sec. Gen. Life Ins. Co. v. Superior Court*, 149 Ariz. 332, 333-34 (1986) (accepting special action jurisdiction of order granting motion to disqualify counsel); *Foulke v. Knuck*, 162 Ariz. 517, 519 (App. 1989) (accepting special action jurisdiction of denial of motion to disqualify opposing counsel). For the reasons that follow, we grant relief in part.

**FACTS AND PROCEDURAL BACKGROUND**

¶2        Petitioners are criminal defendants who challenge the superior court's orders denying their motions to disqualify James Schilder, whom La Paz County Attorney Tony Rogers appointed as a Special Deputy Prosecutor to prosecute the charges against petitioners. According to the appointment document executed in each case, Schilder is "responsible for determining the necessity and manner of [the] prosecution." There is no contention that the appointment was the result of a conflict of interest on the part of the County Attorney. Nor is Schilder formally employed or affiliated with any county attorney's office. Rather, the County Attorney accepted Schilder's volunteer offer to prosecute these and several other cases without pay.

¶3        In response to the motions to disqualify, the State (represented by Schilder) informed the superior court that Schilder "is not controlled by, nor answers to, the County Attorney as a 'deputy.'" As Schilder declared at oral argument in the superior court, he has "independent power without the day-to-day oversight" of the County Attorney. Moreover, in response to questioning by the superior court, Schilder agreed that the County Attorney has ceded to him all authority over the cases to which he has been appointed. Further, Schilder told the

superior court that although he "consult[s]" with the County Attorney, he is not required to do so.

¶4        Nevertheless, in denying the motions to disqualify, the superior court explained that it essentially disbelieved Schilder's assertion that in the prosecutions to which he is assigned, he answers to no one:

> The Court, anecdotally, has never heard of an elected county attorney, who has no conflict of interest, appointing a Special Deputy Prosecutor in such a wholesale manner. In addition, it is very concerning to the Court, that Schilder, who is not affiliated with any prosecutorial agency and/or governmental agency, proclaims he answers to no one and Rogers [the County Attorney] does not refute that notion.
>
> However, the Court is not convinced Schilder reports to no one. Just as Rogers has appointed Schilder, the Court finds Rogers has the authority to revoke the appointment of Schilder, and thus, Rogers does have supervisory authority over Schilder.
>
> *        *        *
>
> If Rogers chooses to abdicate his responsibility, by not supervising Schilder, and if Schilder continues to proclaim he is unsupervised, and answers to no one, this matter could potentially be addressed, individually and/or collectively, through the State Bar of Arizona, the criminal justice system, an impeachment, a recall election or a primary/general election . . . .
>
> The Court finds the appointment of Schilder, by Rogers, to be valid constitutionally, and statutorily, and that Rogers, as the appointing authority, is the direct supervisor of Schilder.

## DISCUSSION

¶5        Petitioners argue the County Attorney's appointment of Schilder is invalid because it lacked the approval of the Board of Supervisors pursuant to Arizona Revised Statutes ("A.R.S.") section 11-409 (2017) ("[W]ith the consent of, and at salaries fixed by the board, [county attorney] may appoint deputies, stenographers, clerks and assistants

4

necessary to conduct the affairs of [the] office[].").[1]  Petitioners cite no authority, however, for the proposition that § 11-409 requires Board approval of volunteer deputies, and, in any event, Schilder is acting not as a deputy county attorney but as a Special Deputy Prosecutor.[2]

**¶6**        The broad scope of the power that may be implied by Schilder's appointment, however, may raise serious due-process concerns. Not surprisingly, there is no Arizona case authorizing this arrangement or even addressing it.  In other jurisdictions, in the rare case where a similar arrangement has been undertaken, courts have expressed grave concerns about attorneys simply taking over for properly elected or appointed prosecuting officers without supervision, absent any ethical conflict or statutory authorization.

**¶7**        Our constitution vests in the elected County Attorney the power and the duty to represent the public's interest in the prosecution of those charged with crimes.  Ariz. Const. art. 12, § 3; *see* A.R.S. § 11-532(A) (2017) ("The county attorney is the public prosecutor of the county."). Accordingly, the County Attorney, and deputies who report to and are supervised by the County Attorney, have a particular "obligation to seek justice." *See State v. Hughes*, 193 Ariz. 72, 80, ¶ 33 (1998); *see also Berger v. United States*, 295 U.S. 78, 88 (1935) ("[United States Attorney] is in a peculiar and very definite sense the servant of the law."); *State v. Lead Indus. Ass'n*, 951 A.2d 428, 471-72 (R.I. 2008).

**¶8**        In the usual case, discretionary decision-making inherent in the power to prosecute may not be delegated to unelected private counsel. *See Lindsay R. v. Cohen*, 236 Ariz. 565, 567, ¶ 6 (App. 2015) (rejecting victims' request to litigate restitution "through privately retained counsel"); *Lead Indus.*, 951 A.2d at 476.  To the contrary, important due-process rights are implicated when an elected prosecutor cedes all control over a prosecution to a private lawyer. *Erikson v. Pawnee County Bd. of County Comm'rs*, 263

---

[1]        Absent material revision after the relevant date, we cite a statute's current version.

[2]        The State contends petitioners lack standing to complain of the rulings denying their motions to disqualify, but a criminal defendant has standing to protest a violation of his due-process rights.  The State also suggests the court should defer to the executive during a financial crisis, but we will not consider that argument because it was not raised in the superior court.

F.3d 1151, 1154 (10th Cir. 2001); *East v. Scott*, 55 F.3d 996, 1000-01 (5th Cir. 1995); *see also Person v. Miller*, 854 F.2d 656, 662-63 (4th Cir. 1988).

**¶9**　　　　In *State v. Harrington*, 534 S.W.2d 44, 48 (Mo. 1976), a "private prosecutor" hired by the victim's family was invited "to help prosecute the defendant."　The court ruled the procedure was "fundamentally unfair." *Id.*; *see Hughes*, 193 Ariz. at 80, ¶ 33.　As the *Harrington* court stated,

> [t]he modern day prosecutor wields the power of the State's investigatory force, decides whom to indict and prosecute, decides what evidence to submit to the court, negotiates the State's position in plea bargaining and recommends punishment to the court.　The entry of a private prosecutor into a criminal prosecution exposes all of these areas to prejudicial influence.　We consider such exposure intolerable.

534 S.W.2d at 50.

**¶10**　　　　In response to these petitions for special action, the State (still represented by Schilder) argues the situation here is not controlled by the cases cited above because Schilder is not being paid by a victim's family or by anyone with an interest in the outcome of the prosecutions.　A lawyer's willingness to perform pro bono legal services is commendable.　But when all responsibility for the prosecution of a criminal matter is ceded to an unelected special prosecutor, the resulting lack of accountability infringes the due-process rights of the accused, regardless of whether the special prosecutor is working for free.　In such a case, the accused is deprived of his or her due-process right to prosecution by or under the supervision of an elected officer who owes "a special and enduring duty to 'seek justice.'" *Lead Indus.*, 951 A.2d at 471.

**¶11**　　　　From the record presented, we cannot determine the extent to which authority and responsibility for these prosecutions may have been ceded to Schilder.　In a "revised response" to the petitions, the State asserts that Schilder is subject to some authority of the County Attorney, citing the finding the superior court made in denying the motions to disqualify.　But the finding by the superior court that Schilder in fact is supervised by the County Attorney flies in the face of the categorical representations Schilder made in responding to the motions to disqualify and in statements he made during oral argument in the superior court.　The superior court, moreover, ruled without hearing evidence on the matter.　(Schilder filed no declaration describing the scope of his authority, nor did the court receive any evidence

from County Attorney Rogers concerning the scope of the authority he bestowed on Schilder.)

## CONCLUSION

¶12      For the reasons stated above, we accept jurisdiction and grant relief in part by vacating the superior court's orders denying the motions to disqualify Schilder. We direct the superior court to receive whatever evidence it requires to ascertain the scope of Schilder's authority over these cases, including the nature and extent, if any, of County Attorney Rogers' supervision of Schilder. After receiving such evidence, the superior court must reconsider the petitioners' motions to disqualify, consistent with this decision.

