IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

E.H., *Petitioner,*

*v.*

THE HONORABLE DAN SLAYTON, Judge of the SUPERIOR COURT OF
THE STATE OF ARIZONA, in and for the County of COCONINO,
*Respondent Judge,*

COCONINO COUNTY ATTORNEY'S OFFICE; JASON CONLEE, *Real
Parties in Interest.*

No. 1 CA-SA 18-0130
FILED 8-30-2018

Petition for Special Action from the Superior Court in Coconino County
No. CR2016-00434
The Honorable Dan R. Slayton, Judge

**JURISDICTION ACCEPTED, RELIEF GRANTED**

COUNSEL

Arizona Voice for Crime Victims, Phoenix
By Colleen Clase, Eric Aiken
*Counsel for Petitioner*

Coconino County Attorney's Office, Flagstaff
By Stacy Lynn Krueger, Michael S. Tunink
*Counsel for Real Party in Interest Coconino County Attorney's Office*

The Zickerman Law Office PLLC, Flagstaff
By Adam Zickerman
*Counsel for Real Party in Interest Jason Conlee*

DeFusco & Udelman, PLC, Scottsdale
By Randall S. Udelman
*Counsel for Amicus Curiae National Crime Victim Law Institute*

---

**OPINION**

Judge Kent E. Cattani delivered the opinion of the Court, in which Presiding Judge James B. Morse Jr. and Judge Lawrence F. Winthrop joined.

---

**C A T T A N I**, Judge:

**¶1** E.H. seeks special action review of the Coconino County Superior Court's ruling denying her request to be treated as a victim in criminal proceedings involving Jason Conlee, who is accused of killing E.H.'s six-year-old sibling, J.H. Under Arizona's Victims' Bill of Rights, if a criminal offense is committed against someone who is killed or incapacitated, victims' rights are to be accorded to "the person's spouse, parent, child, grandparent or sibling, any other person related to the person by consanguinity or affinity to the second degree or any other lawful representative of the person." Ariz. Rev. Stat. ("A.R.S.") § 13-4401(19); *see also* Ariz. Const. art. 2, § 2.1(C). The superior court declined to treat E.H. as a victim, reasoning that § 13-4401(19) contemplates that only one person may be designated as a representative of the deceased, and in this case, such a representative (a victim advocate from Coconino County Victim Witness Services) had already been appointed. We hold to the contrary that, when the person against whom the crime was committed is deceased or incapacitated, § 13-4401 grants victim status to each person who fits within any of the defined categories of victims under the statute. Accordingly, and for reasons that follow, we accept jurisdiction and grant relief.

## DISCUSSION

**¶2** Under Arizona's Victims' Bill of Rights, crime victims have a right "[t]o be treated with fairness, respect, and dignity, and to be free from intimidation, harassment, or abuse, throughout the criminal justice process." Ariz. Const. art. 2, § 2.1(A)(1). Other rights include the right "[t]o be heard at any proceeding involving a post-arrest release decision, a negotiated plea, and sentencing" and the right "[t]o confer with the prosecution, after the crime against the victim has been charged, before trial or before any disposition of the case and to be informed of the disposition." *See id.* § 2.1(A)(4), (6).

**¶3** For these purposes, the Arizona Constitution defines "victim" as "a person against whom the criminal offense has been committed or, if the person is killed or incapacitated, the person's spouse, parent, child or other lawful representative, except if the person is in custody for an offense or is the accused." *Id.* § 2.1(C). The Legislature has broadened the class of victims by statute to also include the deceased or incapacitated person's "grandparent or sibling, any other person related to the person by consanguinity or affinity to the second degree or any other lawful representative of the person." A.R.S. § 13-4401(19).[1]

**¶4** Focusing on the use of the word "or" in the constitutional and statutory provisions, the superior court interpreted those provisions as creating an exclusive disjunctive, meaning a choice of one among several options. But "or" can also be an inclusive disjunctive, meaning one or the other or both. And in the context of the Victims' Bill of Rights and as explained below, the most logical construction is that "or" is used inclusively, and that victim status in cases in which there is a deceased or incapacitated victim should be accorded to anyone who is either a spouse, or a parent, or a child, or a grandparent, etc. of the deceased person.

**¶5** Interpreting "or" as an inclusive disjunctive is necessary to give meaning to the constitutional mandate that victims be treated with respect, and it avoids a process that would require the superior court to select the most "appropriate" victim from among the categories of individuals listed in the statute. If, for example, the two surviving parents of a deceased victim were to differ in their view of whether a plea should be extended, or whether a certain sentence should be imposed, *see* Ariz.

---

[1] The Victims' Bill of Rights vests the Legislature with the power to "enact substantive and procedural laws to define, implement, preserve and protect the rights guaranteed to victims." Ariz. Const. art. 2, § 2.1(D).

Const. art. 2, § 2.1(A)(4), (6), the superior court would have no principled basis from which to choose just one parent to provide input to the prosecutor and to the court. Neither the constitutional nor the statutory provision prioritizes one family member (within the designated relationships) over another, and it would be demeaning to all such relations to pit them against each other in competition to be the person who best represents the interests of the deceased.

¶6 Our interpretation of the statutory language is further supported by the fact that the Legislature added to the categories of potential victims under § 13-4401(19) without any suggestion that the additions are only relevant if no one else fits within the previously defined categories of victims. Moreover, the prior version of the statute included several categories of victims—parents, spouses, and children—while specifically excluding anyone in custody for an offense or who is the accused. The Legislature added grandparents, siblings, and other relatives to the list of designated victims without specifying or implying that anyone other than a person in custody or who is the accused may not be entitled to victim status. Thus, the statutory change is more logically read as creating additional categories of victims, all of whom are entitled to the rights guaranteed under the Victims' Bill of Rights.

¶7 The Coconino County Attorney notes that the Victims' Bill of Rights contemplates that only one person—the person against whom the crime was committed—can exercise victims' rights if the crime victim is living, even though other individuals (including the crime victim's parents and siblings) may have suffered serious harm as a result of the crime. *See* Ariz. Const. art. 2, § 2.1(C); A.R.S. § 13-4401(19). The County Attorney thus argues that, in the case of a deceased or incapacitated victim, the list of relations—spouse, parent, child, grandparent, sibling, etc.—should be read as creating a class of potential representatives of the deceased victim, i.e., a class of persons from which one member is to be selected to take the place of or speak for the victim.

¶8 Although there may be some benefit to having a single voice represent the interests of the deceased victim, the language of the statute contemplates the possible appointment of a "lawful representative" (distinct from the deceased victim's relations) to act in the victim's best interests with no suggestion that the appointment of such a representative removes victim status from other designated victims. *See* A.R.S. §§ 13-4401(19), -4403(B). Moreover, as noted above, it would be illogical to compel a procedure that would require the superior court to arbitrarily

select the most "appropriate" survivor to represent the interests of the deceased victim.

**¶9** Finally, recognizing multiple victims under the statute (both parents in the example noted above, or even a broader group of relations as designated in the statute) is not unworkable. The State and the court can hear and consider multiple—even conflicting—views from multiple family members of a deceased victim without unduly burdening the criminal justice system. And, contrary to Real Party in Interest Jason Conlee's assertion, a request to be accorded victim status is not an improper attempt to "control the direction of the prosecution." A victim's rights under the Arizona Constitution and the implementing legislation do not include the right to "control" the prosecution, but rather the right to be treated fairly and with respect, and an opportunity to express views that the prosecution and the court must *consider* but that are not binding on the prosecutor or the court. *See State v. Lamberton*, 183 Ariz. 47, 49 (1995); *Lindsay R. v. Cohen*, 236 Ariz. 565, 567, ¶ 8 (App. 2015); *see also, e.g.*, A.R.S. §§ 13-4419(C), -4423, -4426.

## CONCLUSION

**¶10** Based on the foregoing, we accept jurisdiction and grant relief, holding that in cases in which there is a deceased or incapacitated victim, anyone who fits within the enumerated categories of familial relations specified in A.R.S. § 13-4401(19) is a victim and thus entitled to the rights guaranteed under Arizona's Victims' Bill of Rights. Accordingly, E.H. must be permitted to exercise such rights in any prospective proceedings involving the crime committed against J.H.

**¶11** We note that the superior court has already entered Jason Conlee's plea in this matter. The superior court must determine (absent an agreement among the parties) whether E.H. was on notice of prior proceedings and timely asserted her rights as a victim, entitling her to a reexamination of prior proceedings, *see* A.R.S. § 13-4436, and/or whether such reexamination would implicate principles of double jeopardy.

