830 P.2d 469

**The STATE of Arizona, Appellee,**

v.

**Jorge Alberto CIFUENTES, Appellant.**

**No. 2 CA–CR 91–0172.**

Court of Appeals of Arizona, Division 2, Department A.

Oct. 10, 1991.

Review Denied and Cross-Petition for Review Denied May 19, 1992.

Grant Woods, Atty. Gen. by Paul J. McMurdie and Daniel J. Kiley, Phoenix, for appellee.

Robert Arentz, Cochise County Public Defender by Benna R. Troup, Bisbee, for appellant.

## OPINION

LIVERMORE, Chief Judge.

Defendant, born in Guatemala, is a permanent resident of the United States living in Los Angeles. On December 3, 1989 he was apprehended driving through the international border at Douglas in a stolen 1989 Isuzu. He had a forged registration for the vehicle matching stolen plates on the car. Defendant claimed to have purchased the vehicle from an unknown man in Los Angeles. On this evidence he was convicted of theft, trafficking in stolen property and forgery and was sentenced to concurrent mitigated terms of imprisonment. Because of an evidentiary error, we reverse.

Over objection, the prosecution offered as an expert a Los Angeles police detective, John Toland, who testified that there were car theft rings in Los Angeles organized along ethnic lines, including a Guatemalan one. The Guatemalan ring, he testified, tended to steal Japanese four-wheel drive vehicles, to use forged registrations, and to travel in small groups approaching the Mexican border. Because defendant was Guatemalan and his possession of the Isuzu matched the profile developed by Toland from fifteen to twenty cases, the jury was invited to infer that defendant knew his Isuzu was stolen because he was part of a Guatemalan car theft ring. There was no other evidence connecting him to that ring.

For at least three reasons, we believe this evidence was inadmissible. First, all Toland's information about a Guatemalan car theft ring was learned after February 1990. What was happening in 1990 is of little probative value as to what defendant knew in 1989. Second, use of profile evidence to indicate guilt is always suspect. It creates too high a risk that a defendant will be convicted not for what he did but for what others are doing. See *United States v. Gillespie*, 852 F.2d 475 (9th Cir. 1988); *United States v. Dickens*, 775 F.2d 1056, 1058 (9th Cir.1985) ("A defendant's

guilt may not be proven by associating him with unsavory characters."). Third, it is impermissible in Arizona to use ethnicity to prove guilt. *State v. Rankovich*, 159 Ariz. 116, 765 P.2d 518 (1988); *State v. Graciano*, 134 Ariz. 35, 653 P.2d 683 (1982); *State v. Filipov*, 118 Ariz. 319, 576 P.2d 507 (App.1977).

Reversed.

LACAGNINA, P.J., and HOWARD, J., concur.